NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0713n.06

No. 10-3100

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*Jul 03, 2012*

LEONARD GREEN, Clerk

ALAN FRANCIS,                                                              :
                                                                                       :
     Plaintiff-Appellant,                                     :
                                                                                       :
                                                                                       :     ON APPEAL FROM THE
v.                                                                                    :     UNITED STATES DISTRICT
                                                                                       :     COURT FOR THE NORTHERN
                                                                                       :     DISTRICT OF OHIO
THOMAS ALTIERE,                                                     :
                                                                                       :
     Defendant-Appellee.                                       :

BEFORE:  BOGGS and WHITE, Circuit Judges; BERTELSMAN, District Judge.[*]

## OPINION

**PER CURIAM.**

      Plaintiff-Appellant Alan Francis attempted suicide twice in twenty-four hours while he was housed at the Trumbull County Jail. Specifically, Francis tried to hang himself with blankets in his cell. He was rescued by officers and other inmates, and after he was examined at a hospital, he was returned to his cell and provided some form of paper outfit and a three-ply paper blanket given to suicidal inmates. Once back in his cell, Plaintiff told a Corrections Officer that he was not going to stay in prison for twenty years and that he was going to "try something again." Later that night, a Corrections Officer found Francis with part of the paper gown wrapped around his neck.

---

[*] The Honorable William O. Bertelsman, United States District Judge for the Eastern District of Kentucky, sitting by designation.

Consequently, the Assistant Warden on duty ordered the Corrections Officer to remove even the paper blanket and gown. Additionally, for reasons that are not entirely clear from the record, Francis was housed in a cell that did not contain a mattress and so was forced to sleep either on a stainless steel bed or the concrete floor.

Plaintiff brought suit pro se pursuant to 42 U.S.C. § 1983 against Thomas Altiere, the Sheriff of Trumbull County. In addition to the bedding and clothing claim, Plaintiff asserted numerous allegations over the course of three documents.[1] The magistrate judge, to whom the parties consented, considered all three documents as the "Complaint." *See* Br. of Appellee at 1 (citing Doc. #74 at 1). Plaintiff's claims fall into three general categories: Eighth Amendment claims based on the deprivations of bedding and clothing; Eighth Amendment claims based on other conditions of confinement[2]; and First Amendment-related claims.

Altiere filed a motion to dismiss all of Plaintiff's claims, which the magistrate judge granted in part and denied in part. Order, at 13, R.74. Specifically, the magistrate judge dismissed certain of the "other" Eighth Amendment conditions claims without prejudice: (1) unsanitary conditions; (2) exercise; (3) shower; (4) clothing and bedding; and (5) medical care claims. Hence, the only Eighth Amendment claim remaining after the magistrate judge's Order was Plaintiff's bedding and clothing claim. Thereafter, Defendant moved for summary judgment on this claim, and the

---

[1] Citations to "Doc." reflect the district court CM/ECF numbers for the documents.

[2] Specifically, among other things, Plaintiff alleged the following: that he was denied access to anti-anxiety medicine he had been prescribed; that the administration kept him in suicide lockdown for 209 days, with only two reevaluations, when the usual procedure requires a weekly reevaluation; that he was forced to go without a shower for thirteen days; that he was denied access to the law library; that fecal matter on the walls and floors was cleaned ineffectively by other inmates; that he was denied any recreational activity for the entire time he was incarcerated; and that he requested grievance forms but was blatantly ignored. Complaint, R.1; Statement of Claims, R.3; Extended Statement of Claims, R.7.

magistrate judge entered summary judgment in favor of Defendant on the Plaintiff's bedding and clothing claim, as well. *See id.* at 2 (citing Doc. #92).

Plaintiff timely appealed, seeking permission to proceed *in forma pauperis* and asserting three assignments of error: (1) the district court overlooked several claims; (2) the district court erred in granting summary judgment when the facts of this case are like those in *Spencer v. Bouchard,* 449 F.3d 721 (6th Cir. 2006), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007); and (3) some circuits require "notice" to prisoners about the Rule 56 summary judgment requirements, something the district court here did not afford Plaintiff.

For the reasons stated below, we grant Plaintiff *in forma pauperis* status on appeal, reverse the district court's entry of summary judgment, and remand for further proceedings.

## I.

Defendant concedes that the "trial court never adjudicated Francis' allegations not based on the Eighth Amendment." Br. of Appellee at 11. We conclude that the magistrate judge's failure to address claims was not limited to non-Eighth Amendment claims.

Plaintiff characterizes the claims that the magistrate judge overlooked as: (a) First Amendment claims based on freedom of religion, freedom of speech, and freedom to petition for redress; (b) Sixth and Fourteenth Amendment claims of denial of rights to access to the courts and a notary public, and not to have legal mail opened outside his presence; (c) a Due Process violation for not having been afforded the opportunity to challenge the withholding of religious materials; and (d) an Eighth Amendment claim "for being subjected to disease of the mouth wherein appellant was given a plastic thimble for a toothbrush with extremely flimsy bristles." Br. of Appellant at 1-2.

3

Plaintiff raised the toothbrush claim in one of his supplemental documents along with a plethora of other assertions. *See* Doc. #7 at 6. The magistrate judge did not specifically mention the toothbrush and several of Plaintiff's other assertions when dismissing all but the Eighth-Amendment bedding and clothing claims. Instead, the magistrate judge only discussed some of those allegations and did not explain why review was limited to certain ones. *Compare* Doc. #7 at 1-12 *with* Doc. #74 at 6-11.

Thus, it appears that the magistrate judge overlooked Eighth Amendment claims as well. Since remand is concededly warranted for some claims, on remand the district court should ascertain precisely which claims were overlooked.

## II.

Plaintiff next asserts that the magistrate judge erred in granting summary judgment in favor of Defendant on the bedding and clothing claim. We review a grant of summary judgment de novo*,* employing the same standard as the court below. *See Dixon v. Gonzales,* 481 F.3d 324, 330 (6th Cir. 2007). That is, summary judgment is appropriate where the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Viewing the evidence in the light most favorable to Plaintiff, Defendant bore the burden of proving the absence of any genuine issue of material fact. In response, Plaintiff was required to present "significant probative evidence" showing more than some "metaphysical doubt" as to the material facts. *Id.*

An Eighth Amendment conditions-of-confinement claim consists of two prongs, both of which must be met to merit relief. From an objective standpoint, the deprivation must be

"sufficiently serious," resulting in a denial of the "minimal civilized measure of life's necessities." *Farmer v. Brennan,* 511 U.S. 825, 834 (1994); *Spencer v. Bouchard,* 449 F.3d 721, 728 (6th Cir. 2006), *abrogated on other grounds by Jones v. Bock,* 549 U.S. 199 (2007). Also, the prison official's "state of mind [must be] one of deliberate indifference to inmate health or safety." *Spencer,* 449 F.3d at 728 (internal quotation and citation omitted).

Plaintiff argues that he presented sufficient evidence to survive summary judgment for two reasons. First, since in *Spencer* the "mere" allegation that the prison was "very cold" was sufficient, so too does Plaintiff's allegation that "it was 'very cold' in his cell" defeat summary judgment. Br. of Appellant at 5. Second, Plaintiff was placed on suicide watch under those conditions perhaps for months, beyond what was reasonable for the purpose of preventing a suicide. *Id.* He is imprecise and inconsistent in his allegations, both in the trial court and on appeal, about the number of days he endured the conditions. They range from a few days to months.[3] Therein lies another reason for remand.

In his verified complaint, Plaintiff asserted that he was "placed in a cell naked without bedding, mattress or linen and made to sleep on [a] concrete floor (48 days)." Doc. 1 at 3. When the magistrate judge initially declined to dismiss these claims on Defendant's Rule 12(c) motion, it noted that Plaintiff alleged "from November 30, 2005 through January 1, 2006, he was provide (*sic*) with only a sleeveless paper towel vest and bottom as clothing . . that he slept on the concrete floor since it was warmer than the steel bunk [and] was not provided a mattress until January 2,

---

[3] *Compare* Brief Appellant at 6 ("he had to be awake for two and a half days from lack of anything . . . in a cell so cold that he cannot lay [*sic*] down and go to sleep causing him to be up for days."), *with id.* at 5 (the "outside agency who conducts the so called suicide watch reviews . . . cleared appellant to be released from suicide watch on April 8 2005, however, appellant was not released from the conditions until June 20, 2006.").

2006." Doc. #74 at 8. The magistrate judge further noted that it was unclear from Plaintiff's complaint "whether he is alleging two separate incidents of being without clothes in a cold cell (*i.e.*, one period of six days and one of 48 days)" and, for the purposes of the motion, the district court "assume[d] two separate incidents are alleged." *Id.* at 8, n.4.

As the magistrate judge held in denying the motion to dismiss, Plaintiff's allegations satisfied the objective prong of an Eighth Amendment conditions-of-confinement claim. In granting the motion for summary judgment, the magistrate judge held, however, that Plaintiff's claim failed the subjective, deliberate-indifference prong. Order at 5, R.92. When it issued its summary judgment decision, however, the magistrate judge did not indicate what time frames he was considering. Defendant also makes no mention of any in his arguments on appeal. Instead, the magistrate judge relied exclusively on Defendant's legitimate motivation to prevent Plaintiff from another suicide attempt in granting Defendant's motion for summary judgment.

The magistrate judge found the following undisputed facts conclusive of the deliberate indifference question: Plaintiff did "not deny he attempted suicide;" did not dispute "that the jail house staff believed Plaintiff attempted to commit suicide first with a bed sheet and later with a paper suicide gown;" did not dispute that "after the second perceived suicide attempt, Defendant took away any items that Plaintiff could potentially use to commit suicide" until such time as Plaintiff could be screened by a mental health agency; and did not dispute that staff acted "in accordance with jail procedure and in furtherance of the jail's goal to protect the health and safety of its prisoners." Doc. #92 at 4.

What the magistrate judge evidently found dispositive was the result in *Daniels. See Daniels v. Woodside*, 396 F.3d 730, 736 (6th Cir. 2005). As he noted, in *Daniels* this Court found no constitutional violation when jail staff confined a prisoner to "twenty-four hour lock-down," deprived him "of exercise," and dressed him "in suicide gown that did not completely close in the back." *See* Doc. # 92 at 4 (internal quotations and citation omitted). As that quotation reveals, the duration of the *Daniels* deprivation was for one day. The *Spencer* decision, which the magistrate judge did acknowledge, was decided after *Daniels,* and in fact cites *Daniels,* but did not consider *Daniels* conclusive of the deliberate-indifference prong. It cited *Daniels* in a footnote for the proposition that the same standards apply to pretrial detainees, and did not cite or discuss *Daniels* at all with respect to either prong of the Eighth Amendment analysis. *See Spencer,* 449 F.3d at 727-30 & n.7.

Under *Spencer*, obvious and extreme conditions can constitute "deliberate indifference." *Id.* at 6. The magistrate judge distinguished *Spencer* because Plaintiff did not present "any direct or indirect evidence as to the temperature of his cell ... or that it would have been obvious to anyone that sleeping on the floor in the Trumbull County Jail is an inhumane condition." Order at 6, R.92.

In *Spencer,* as here, no specific temperature reading was mentioned or proven, but there the prison was so cold officers wore their winter coats indoors. Moreover, whenever it snowed or rained, water leaked into the sleeping area and flooded it. This situation lasted "*continuously for several months* (including all of December and January), subject only to the occasional relief of an unseasonably warm day." *Spencer,* 449 F.3d at 728.

7

While the magistrate judge ostensibly considered Plaintiff's claim about the deprivation of his clothing, bedding, and a mattress in combination, in reality, he addressed each condition in isolation. For example, the magistrate judge addressed the deprivation of Plaintiff's clothing, then considered the deprivation of the mattress, and then considered the cold temperature. He did not consider the combined effect of the length of time these conditions persisted, along with the other relevant verified assertions and evidence submitted. A component of the *Spencer* deliberate indifference analysis was the fact that obvious objectively "severe" conditions lasted for months, and those conditions went unremediated even in the face of inmate complaints and self help, while officers actively obstructed inmates' attempts to improve their circumstances. In other words, we think it plain that under *Spencer,* while it is appropriate to consider asserted deprivations individually and in combination, the court should also consider the interrelationship between the severe conditions and their duration, coupled with any other relevant evidence in the record. The magistrate judge did not do so, and the record on appeal is not sufficiently clear for us to make that determination in the first instance.[4]

### III.

Therefore, we REVERSE the district court's entry of summary judgment and REMAND the matter to the district court for further proceedings not inconsistent with this opinion.

---

[4] Plaintiff also contends that he did not receive notice of the requirements and standards governing a motion for summary judgment, and thus, he is entitled to automatic reversal. *See generally United States v. Ninety-Three (93) Firearms*, 330 F.3d 414, 427-28 (6th Cir. 2003) (citing cases and discussing issue). Given our disposition, this assignment of error is moot.